FELLOWS, HYMOWITZ & EPSTEIN, P.C.
DARREN J. EPSTEIN, ESQ.
254 South Main Street, Suite 400
New City, NY 10956
Counsel for the Plaintiff
(845) 634-3775

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KONSTANTIN DOBRYAKOV, ) Case No.: 08 CIV. 4488
 )
   Plaintiff, ) JURY TRIAL DEMANDED
 vs. )
 )
THE VILLAGE OF SPRING VALLEY )
POLICE DEPARTMENT, THE VILLAGE OF ) BRIEANT
SPRING VALLEY, THE COUNTY OF )
ROCKLAND, THE ROCKLAND COUNTY )
DISTRICT ATTORNEY'S OFFICE, THE
ROCKLAND COUNTY NARCOTIC TASK
FORCE, and "JOHN DOE", a fictitious name
intended to represent those police officers who
were involved in the arrest and detainment of
the Plaintiff,

   Defendants.

The Plaintiff, KONSTANTIN DOBRYAKOV, by and through his attorneys, DARREN J.

EPSTEIN, ESQ., a partner in the law firm of FELLOWS, HYMOWITZ & EPSTEIN, P.C.,

alleges the following upon information and belief:

### INTRODUCTION

1. This is a civil rights action to redress the deprivation of Plaintiff's civil liberties

under the Constitution of the United States secured under 42 U.S.C. Sections 1983 and 1981.

- 1 -

## PARTIES

2. The Plaintiff, KONSTANTIN DOBRYAKOV, was and still a resident of the State of New York, residing in the County of Rockland.

3. The Defendant, THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, DEPARTMENT, is a municipality organized police department within the Village of Spring of Valley, organized by virtue of New York law and pursuant to that law, was incorporated and must abide by the laws of the state of New York and of the U.S. Constitution.

4. The Defendant, THE VILLAGE OF SPRING VALLEY, is a municipality organized by virtue of New York law and pursuant to that law, was incorporated and must abide by the laws of the state of New York and of the U.S. Constitution.

5. The Defendant, ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE, is a municipality organized attorney's office within the Village of Spring of Valley, organized by virtue of New York law and pursuant to that law, was incorporated and must abide by the laws of the state of New York and of the U.S. Constitution.

6. The Defendant, ROCKLAND COUNTY NARCOTICS TASK FORCE, is a municipality organized narcotics task force within the Village of Spring of Valley, organized by virtue of New York law and pursuant to that law, was incorporated and must abide by the laws of the state of New York and of the U.S. Constitution.

7. The Defendant, THE COUNTY OF ROCKLAND, is a municipality organized

by virtue of New York law and pursuant to that law, was incorporated and must abide by the laws of the state of New York and of the U.S. Constitution.

8.    Defendant Police Officers, "JOHN DOE", a fictitious name intended to represent those police officers who unlawfully arrested and detained the Plaintiff, upon and information and belief, were and still are police officers with the Village of Spring Valley Police Department at all relevant times as alleged in the complaint herein. Defendants, "JOHN DOE", a fictitious name intended to represent those police officers who unlawfully arrested and detained the Plaintiff, are sued in their official and individual capacity for purposes of effecting full declaratory, injunctive, compensatory and punitive damages demanded by the Plaintiff.

9.    The Defendants, THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, THE VILLAGE OF SPRING VALLEY, THE COUNTY OF ROCKLAND, THE ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE, THE ROCKLAND COUNTY NARCOTIC TASK FORCE, and 'JOHN DOE", a fictitious name intended to represent those police officers who were involved in the arrest and detainment of the Plaintiff, issued to effect the full declaratory, injunctive, compensatory damages demanded by the Plaintiff.

## JURISDICTION

10.    The jurisdiction of this Court is invoked by Plaintiff pursuant to 28 U.S.C. Sections 1331 and 1343, which confer original jurisdiction upon the Court on the ground that the instant action arises under the Fourth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. Sections 1981 & 1983.

## FACTS

11. On or about March 8, 2007, Plaintiff, KONSTANTIN DOBRYAKOV, was arrested pursuant to a warrant of arrest issued on November 8, 2006 by the Hon. William K. Nelson, for a sealed indictment that was filed with the Court on November 8, 2006.

12. That the Plaintiff, KONSTANTIN DOBRYAKOV, was arrested on the charges of criminal sale of a controlled substance in the third degree (pursuant to Section 220.39(1) of the Penal Law) for an alleged sale that took place on August 10, 2006; criminal possession of a controlled substance in the third degree (pursuant to Section 220.16 (1) of the Penal Law) which allegedly took place on August 10, 2006; criminal sale of a controlled substance in the third degree (pursuant to Section 220.39(1) of the Penal Law) for an alleged sale that took place on August 15, 2006; and criminal sale of a controlled substance in the third degree (pursuant to Section 220.39(1) of the Penal Law) for an alleged possession on August 15, 2006; criminal sale of a controlled substance in the third degree (pursuant to Section 220.39(1) of the Penal Law) for an alleged possession on August 17, 2006; criminal possession of a controlled substance in the third degree (pursuant to Section 220.39(1) of the Penal Law) for an alleged possession on August 17, 2006.

13. That the Plaintiff, KONSTANTIN DOBRYAKOV, was held in jail from March 8, 2007 until approximately March 13, 2007, being incarcerated for six days, first in the Spring Valley Police Department's jail and then moved to the Rockland County jail.

14. That the Plaintiff, KONSTANTIN DOBRYAKOV, was not released until such time as a bond was posted in the amount of $15,000.00 by Gerry Feather.

15. That the Plaintiff, KONSTANTIN DOBRYAKOV, was prosecuted from the day of his arrest up through May 14, 2007, at which time the charges against him were dismissed by the Rockland County District Attorney's Office due to the misidentification of the Plaintiff, KONSTANTIN DOBRYAKOV.

16. That upon information and belief, this arrest was the product of the work of the Rockland County Narcotics Test Force, the Rockland County District Attorney's Office, and the Spring Valley Police Department, working in conjunction with regard to the sale and possession of narcotics within the Village of Spring Valley and County of Rockland in the State of New York.

17. That upon information and belief, after these Defendants obtained information regarding illegal activity they observed and/or made a video of the alleged transactions involving persons possessing and selling illegal narcotics substances. That these videos were taken by the Rockland County Narcotics Task Force, the Rockland County District Attorney's Office and/or the Spring Valley Police Department as part of their investigation into the sale and possession of illegal narcotics substances.

18. That upon information and belief, the Defendants ROCKLAND COUNTY NARCOTICS TEST FORCE, ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE, and THE SPRING VALLEY POLICE DEPARTMENT took the information gathered off of these video tapes and attempted to make an arrest. However, upon information and belief, the Defendants did not perform a proper investigation prior to the arrest of the Plaintiff, they did not properly check for the alleged perpetrators' names prior to the arrest, and failed to properly

identified those individuals who were actually in the video which the Defendants had taken during the alleged occurrences.

19. That the ROCKLAND COUNTY NARCOTICS TEST FORCE, ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE are offices, agencies, employees, servants and/or departments within the County of Rockland and receive a budget from the County of Rockland and were incorporated and/or formed by virtue of the laws, rules, regulations and/or ordinances of the County of Rockland, State of News York.

20. That the VILLAGE OF SPRING VALLEY POLICE DEPARTMENT was and still is an office, agency, employee, servant and/or department for the Village of Spring Valley and that by virtue of the laws, rules, regulations and/or ordinances of the County of Rockland, State of New York.

## I.
## FIRST CLAIM FOR RELIEF
42 U.S.C. Section 1983

21. All of the allegations in each of the foregoing paragraphs numbered "1" through "20" are incorporated by reference as if fully set forth herein.

22. The Defendants acting under the color of law subjected the Plaintiff, KONSTANTIN DOBRYAKOV, to the deprivation of the following rights, privileges and immunities secured by the Constitution and the laws of the United States:

(a) Plaintiff, KONSTANTIN DOBRYAKOV, was deprived of his rights against the excessive use of force in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, as alleged herein.

(b) Plaintiff, KONSTANTIN DOBRYAKOV, was deprived of his right to liberty and life in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States, as alleged herein.

(c) Plaintiff, KONSTANTIN DOBRYAKOV, was deprived of his right to due process of law when there was no proper investigation performed prior to the arrest, detention and prosecution of the Plaintiff, KONSTANTIN DOBRYAKOV.

(d) Plaintiff, KONSTANTIN DOBRYAKOV, was deprived of his right to be free of false arrest in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, as alleged herein.

(e) Plaintiff, KONSTANTIN DOBRYAKOV, was deprived of his right to be free of malicious prosecution in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, as alleged herein.

(f) Plaintiff, KONSTANTIN DOBRYAKOV, was deprived of his right to be free from an unlawful imprisonment in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, as alleged herein.

23. That the Defendants who actively participated in the violation of the civil rights as alleged above, are liable for a violation of 42 U.S.C. Section 1983.

24. That as a direct and proximate cause of the aforementioned, Plaintiff, KONSTANTIN DOBRYAKOV, was deprived of his civil liberties as alleged herein. All of these rights are secured by the Fourth and Fourteenth Amendments to the United States Constitution. As a result of the foregoing, plaintiff has suffered and will continue to suffer

emotional and psychological damages in an amount to be determined by a jury. Because of the Defendants' actions, which were willful and malicious, Plaintiff seeks punitive damages in their individual capacity in an amount to be determined by a jury.

## II.

## SECOND CLAIM FOR RELIEF

### MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. Section1983

25. All of the allegations in each of the foregoing paragraphs numbered "1" through "24", are incorporated by reference as if fully set forth herein.

26. At all times relevant to this Complaint, Defendants JOHN DOE were acting under the direction and control of the Defendants, ROCKLAND COUNTY NARCOTICS FORCE, ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE, SPRING VALLEY POLICE DEPARTMENT, COUNTY OF ROCKLAND, AND VILLAGE OF SPRING VALLEY, and its police department.

27. Defendants JOHN DOE, as well as the other Defendants, had a policy, custom, or practice of tolerating a police culture, commonly referred to as the "code of silence", which discouraged police officers from reporting acts of misconduct and civil rights violations by fellow police officers.

28. The Defendants JOHN DOE, as well as the other Defendants, have a custom or practice of tolerating civil rights abuses by its police officers against citizens and/or persons who

of a foreign culture, including but not limited to racial profiling, excessive use of force, false arrests, abuse of process, and harassment of these individuals.

29. That the Defendants, JOHN DOE, as well as the other Defendants, systemically ignores allegations of civil right violations, particularly if the civilian is a citizen or person from a foreign culture. Notwithstanding the Guidelines on Internal Affairs, the Defendants do not have a meaningful Internal Affairs Bureau that effectively and fairly investigates allegations of police misconduct filed by civilians. When civilians file civilian complaints, the Police Department either ignores the complaints or fails to take any corrective action other than taking the complaint itself.

30. Upon information and belief, the Defendants have not sustained one civilian complaint that has ever been filed against one of their officers.

31. As a result of the Defendants' deliberate indifference to civilian complaints, these police officers feel reasonably immune from any serious threat of supervisory disciplinary action.

32. Defendants JOHN DOE, as well as the other Defendants, were acting pursuant to that official policy, practice and/or custom when they violated the constitutional rights of the Plaintiff, KONSTANTIN DOBRYAKOV

33. The Defendants JOHN DOE, as well as the other Defendants, pursuant to official policy, custom and practice, did intentionally, knowingly, or with deliberate indifference to the rights of the Plaintiff, KONSTANTIN DOBRYAKOV, failed to train, instruct, supervise, control and/or discipline, on a continuing basis the DEFENDANT POLICE DEPARTMENTS, POLICE

OFFICERS, DISTRICT ATTORNEY'S OFFICE, and JOHN DOES, in the performance of their duties.

34. The Defendants knew or should have known and had they diligently exercised their duties to instruct, supervise, control, and/or discipline on a continuing basis, should have known that there was a history of failing to perform a proper investigation, in failing to properly identify targets in the investigation, in failing to properly perform video I.Q. of potential targets of their investigation, in failing to take the necessary steps to insure the identification of a target of the investigation, and/or otherwise use proper police investigation techniques to insure that the person arrested is, in fact, the person who is the target of the investigation.

35. That the Defendants' misconduct, abuse of power, and/or improper police work was the result of improper training, supervision, control and/or discipline of the officers, police officers, detectives, investigators, attorneys, assistant district attorneys and/or other personnel involved in the unlawful arrest and imprisonment of Plaintiff, KONSTANTIN DOBRYAKOV.

36. As a direct and proximate cause of the aforementioned, Plaintiff, KONSTANTIN DOBRYAKOV was deprived of his constitutional rights secured under the Fourth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate cause of the aforementioned, Plaintiff, KONSTANTIN DOBRYAKOV, was deprived of his civil liberties, including freedom from unreasonable search and seizure of his civil liberties, including freedom from unreasonable search and seizure, wrongful and/or unlawful arrest, wrongful and/or unlawful imprisonment, and from malicious prosecution. All of these rights are secured under the Fourth and Fourteenth Amendments to the

United States Constitution. As a result of the foregoing, Plaintiff has suffered and continues to suffer damages in an amount to be determined by a jury.

### THIRD CLAIM FOR RELIEF

38. All of the allegations in each of the foregoing paragraphs numbered "1" through "37", are incorporated by reference as if fully set forth herein.

39. That as a result of the unlawful arrest and unlawful imprisonment of the Plaintiff, KONSTANTIN DOBRYAKOV, the Plaintiff had to hire an attorney, John Edwards, to represent him.

40. That as a result of the Plaintiff, KONSTANTIN DOBRYAKOV, hiring Mr. Edwards, he incurred expenses for the attorney's fees he had to pay to Mr. Edwards.

41. That the Plaintiff, KONSTANTIN DOBRYAKOV, also incurred expenses due to the lost time from work during the six days that he was incarcerated, as well as of those days which he had to appear in court or needed to perform any other acts on behalf of this case which caused him to miss work..

42. That the Plaintiff, KONSTANTIN DOBRYAKOV, incurred expenses as a result of missing work as a result of emotional and psychological injuries sustained as a result of his unlawful arrest and unlawful imprisonment.

43. That as a direct and proximate cause of the aforementioned, Plaintiff, KONSTANTIN DOBRYAKOV, was deprived of his constitutional rights secured under the Fourth and Fourteenth Amendments to the United States Constitution..

44. That as a direct and proximate cause of the aforementioned, Plaintiff was

deprived of his civil liberties, including freedom from unreasonable search and seizure, wrongful or unlawful arrest, wrongful or unlawful imprisonment, and malicious prosecution. All of these rights are secured under the Fourth and Fourteenth Amendments to the United States Constitution. As a result of the foregoing, Plaintiff, KONSTANTIN DOBRYAKOV, has suffered and continues to suffer damages in an amount to be determined by a jury.

**WHEREFORE**, Plaintiff, KONSTANTIN DOBRYAKOV, prays that this Court enter an order finding as follows:

(a) That the Plaintiff, KONSTANTIN DOBRYAKOV, is awarded an amount to be determined by a jury on the FIRST, SECOND, THIRD, and FOURTH causes of action as a result of the defendants' violation of his constitutional rights secured to him under the Fourth and Fourteenth Amendments to the United States Constitution.

(b) That the Defendants pay an amount to be determined by a jury to the Plaintiff, KONSTANTIN DOBRYAKOV, under the FIRST, SECOND, THIRD, and FOURTH causes of action as a result of the Defendants' violation of 42 U.S.C. Section 1983.

(c) That the Plaintiff, KONSTANTIN DOBRYAKOV, recover from the Defendants jointly and severally, compensatory damages, exemplary damages, and punitive damages, attorneys fees, and such other monetary relief as requested herein or may be deemed appropriate in an amount to be determined by a jury.

(d) And that the Court grant such other and further relief as it deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff, KONSTANTIN DOBRYAKOV, requests a trial by jury on all issues so triable.

DATED: May 13, 2008

                                ATTORNEYS FOR PLAINTIFF

                        By: _____
                                DARREN J. EPSTEIN, ESQ.
                                FELLOWS, HYMOWITZ & EPSTEIN, P.C.
                                254 South Main Street, Suite 400
                                New City, NY   10956
                                (845) 634-3775