UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KONSTANTIN DOBRYAKOV,                                          Docket No.: 08 CV 4488 (CLB)

                            Plaintiff,

        -against-
                                                              **ANSWER**

THE VILLAGE OF SPRING VALLEY POLICE
DEPARTMENT, THE VILLAGE OF SPRING
VALLEY, THE COUNTY OF ROCKLAND, THE
ROCKLAND COUNTY DISTRICT ATTORNEY'S
OFFICE, THE ROCKLAND COUNTY NARCOTIC
TASK FORCE, and "JOHN DOE", a fictitious name
intended to represent those police officers who were
involved in the arrest and detainment of the Plaintiff,

                            Defendants.
-------------------------------------------------------------x

        Defendants, THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, and THE

VILLAGE OF SPRING VALLEY, by their attorneys, MIRANDA SOKOLOFF SAMBURSKY

SLONE VERVENIOTIS LLP, hereby answer plaintiff's Complaint upon information and belief, as

follows:

1.      Deny the allegations contained in paragraph "1" of the complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the

        allegations contained in paragraph "2" of the complaint.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the

        allegations contained in paragraph "3" of the complaint.

4.      Admit the allegations contained in paragraph "4" of the complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the

        allegations contained in paragraph "5" of the complaint.

6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the complaint.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the complaint.

8.     Deny the allegations contained in paragraph "8" of plaintiff's complaint.

9.     Deny the allegations contained in paragraph "9" of the complaint.

10.     Deny the allegations contained in paragraph "10" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

11.     Deny the allegations contained in paragraph "11" of the complaint.

12.     Deny the allegations contained in paragraph "12" of the complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the complaint.

15.     Deny the allegations contained in paragraph "15" of the complaint.

16.     Deny the allegations contained in paragraph "16" of the complaint.

17.     Deny the allegations contained in paragraph "17" of the complaint.

18.     Deny the allegations contained in paragraph "18" of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the complaint.

20.     Deny the allegations contained in paragraph "20" of the complaint, and respectfully refer all questions of law to the Court for adjudication.

## ANSWERING THE FIRST CAUSE OF ACTION

21.   As and for a response to paragraph "21" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs numbered "1" through "20" of this answer with the same force and effect as if fully set forth at length herein.

22.   Deny the allegations contained in paragraphs "22(a)" through "22(f)" of the complaint.

23.   Deny the allegations contained in paragraph "23" of the complaint.

24.   Deny the allegations contained in paragraph "24" of the complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

25.   As and for a response to paragraph "25" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs numbered "1" through "24" of this answer with the same force and effect as if fully set forth at length herein.

26.   Deny the allegations contained in paragraph "26" of the complaint.

27.   Deny the allegations contained in paragraph "27" of the complaint.

28.   Deny the allegations contained in paragraph "28" of the complaint.

29.   Deny the allegations contained in paragraph "29" of the complaint.

30.   Deny the allegations contained in paragraph "30" of the complaint.

31.   Deny the allegations contained in paragraph "31" of the complaint.

32.   Deny the allegations contained in paragraph "32" of the complaint.

33.   Deny the allegations contained in paragraph "33" of the complaint.

34.   Deny the allegations contained in paragraph "34" of the complaint.

35.   Deny the allegations contained in paragraph "35" of the complaint.

36.   Deny the allegations contained in paragraph "36" of the complaint.

37.   Deny the allegations contained in paragraph "37" of the complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

38.    As and for a response to paragraph "38" of the complaint, defendants repeat and reallege each and every allegation contained in paragraphs numbered "1" through "37" of this answer with the same force and effect as if fully set forth at length herein.

39.    Deny the allegations contained in paragraph "39" of the complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the complaint.

42.    Deny the allegations contained in paragraph "42" of the complaint.

43.    Deny truth of the allegations contained in paragraph "43" of the complaint.

44.    Deny the allegations contained in paragraph "44" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:

45.    The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:

46.    Punitive damages cannot be recovered from a municipality.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO THE ENTIRE COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:

47.    At all times relevant to the acts alleged in the complaint, answering defendants, their agents and officials, acted reasonably, properly, and in the lawful exercise of their discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO THE ENTIRE
COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

48.    The answering defendants are entitled to absolute immunity from liability.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO THE ENTIRE
COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

49.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE TO THE ENTIRE
COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

50.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the answering defendants.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE TO THE ENTIRE
COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

51.    Plaintiff's rights were not deprived pursuant to a policy, practice, custom or procedure of the Village of Spring Valley.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE TO THE ENTIRE
COMPLAINT, THE ANSWERING DEFENDANTS ALLEGE:**

52.    Plaintiff failed to mitigate damages.

**WHEREFORE,** defendants, THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT and THE VILLAGE OF SPRING VALLEY, request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

DATED:    Mineola, New York          MIRANDA SOKOLOFF SAMBURSKY
          July ____, 2008              SLONE VERVENIOTIS LLP
                                       Attorneys for Defendants
                                       THE VILLAGE OF SPRING VALLEY
                                       POLICE DEPARTMENT and THE
                                       VILLAGE OF SPRING VALLEY

                                       _____
                                       Brian S. Sokoloff (BS 7147)
                                       Melissa L.Holtzer (MH 6636)
                                       240 Mineola Boulevard
                                       Mineola, New York 11501
                                       (516) 741-7676
                                       Our File No.: 07-528


TO:

FELLOWS, HYMOWITZ & EPSTEIN, P.C.
Darren J. Epstein, Esq.
Attorneys for Plaintiff
254 South Main Street – Suite 400
New City, NY  10956
(845) 634-3775

6