UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KONSTANTIN DOBRYAKOV,<br><br>                      Plaintiff,<br><br>-against-<br><br>THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, THE VILLAGE OF SPRING VALLEY, THE COUNTY OF ROCKLAND, THE ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE, THE ROCKLAND COUNTY NARCOTIC TASK FORCE, and "JOHN DOE", a fictitious name intended to represent those police officers who were involved in the arrest and detainment of the Plaintiff.<br><br>                      Defendants. | ECF Case<br><br>08 Civ. 4488 (CLB)<br><br><br>**ANSWER** |

Defendants, THE COUNTY OF ROCKLAND, THE ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE, THE ROCKLAND COUNTY NARCOTIC TASK FORCE and "JOHN DOE", a fictitious name intended to represent those police officers who were involved in the arrest and detainment of the Plaintiff (the "Defendants"), by and through their attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, as and for its Answer to plaintiff Konstantin Dobryakov's (hereinafter referred to as "Dobryakov" or "Plaintiff") complaint (the "Complaint") states upon its present knowledge, information and belief:

      1.     Deny the allegations set forth in Paragraph 1 of the Complaint as they relate to the actions of the Defendants. The remaining allegations set forth in Paragraph 1 state legal conclusions to which no responsive pleading is required.

      2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

      3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Admit that the ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE is an office that is organized pursuant to the laws of New York. The remaining allegations set forth in Paragraph 5 state legal conclusions to which no responsive pleading is required.

6. Admit that the ROCKLAND COUNTY NARCOTICS TASK FORCE is a narcotics task force within the Village of Spring Valley. The remaining allegations set forth in Paragraph 6 state legal conclusions to which no responsive pleading is required.

7. Admit that the COUNTY OF ROCKLAND is organized pursuant to the laws of New York. The remaining allegations set forth in Paragraph 7 state legal conclusions to which no responsive pleading is required.

8. Deny the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. Deny the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. The allegations set forth in Paragraph 10 of the Complaint state legal conclusions as to which no responsive pleading is required. Defendants respectfully refer the Court to 28 U.S.C. §§ 1331 and 1343 for their complete terms.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Deny the allegations contained in Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Deny the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Deny the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Deny the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Deny the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Admit that the ROCKLAND COUNTY NARCOTICS TASK FORCE and the ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE are departments within the County of Rockland and respectfully refer all questions of law to the Court for adjudication.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

21. Repeat and reallege each and every response contained in Paragraphs 1-20 with the same force and effect as if fully set forth at length herein.

22. Deny the truth of the allegations set forth in Paragraph 22 of the Complaint.

    a. Deny the truth of the allegations set forth in Paragraph 22(a) of the Complaint.

       b.    Deny the truth of the allegations set forth in Paragraph 22(b) of the Complaint.

       c.    Deny the truth of the allegations set forth in Paragraph 22(c) of the Complaint.

       d.    Deny the truth of the allegations set forth in Paragraph 22(d) of the Complaint.

       e.    Deny the truth of the allegations set forth in Paragraph 22(e) of the Complaint.

       f.    Deny the truth of the allegations set forth in Paragraph 22(f) of the Complaint.

23.    Deny the truth of the allegations set forth in Paragraph 23 of the Complaint.

24.    Deny the truth of the allegations set forth in Paragraph 24 of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

25.    Repeat and reallege each and every response contained in Paragraphs 1-24 with the same force and effect as if fully set forth at length herein.

26.    Deny the truth of the allegations contained in Paragraph 26 of the Complaint.

27.    Deny the truth of the allegations set forth in Paragraph 27 of the Complaint.

28.    Deny the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. Deny the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Deny the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. Deny the truth of the allegations set forth in Paragraph 31 of the Complaint.

32. Deny the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Deny the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Deny the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Deny the truth of the allegations set forth in Paragraph 35 of the Complaint.

36. Deny the truth of the allegations set forth in Paragraph 36 of the Complaint.

37. Deny the truth of the allegations set forth in Paragraph 37 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

38. Repeat and reallege each and every response contained in Paragraphs 1-37 with the same force and effect as if fully set forth at length herein.

39. Deny the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Deny the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Deny the truth of the allegations contained in Paragraph 44 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. Punitive damages cannot be recovered from a municipality.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. At all time, Defendants acted reasonably, properly and in the lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48. The Defendants are entitled to absolute immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49. If, as alleged, Plaintiff's civil rights were violated, such violation did not occur pursuant to any policy, practice, custom or procedure of the Defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50. Plaintiff failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51. There was probable cause to arrest the Plaintiff.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

52. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or negligent conduct of third parties, and was not the proximate cause of any act of the Defendants.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

53. Defendants reserve the right to amend or supplement their affirmative defenses upon discovery of further information regarding the claims asserted by Plaintiff.

**WHEREFORE**, Defendants pray that: 1) the Complaint be dismissed in its entirety; 2) awarding Defendants their costs and attorneys' fees incurred in the defense of this action; and 3) for such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
August 15, 2008

DELBELLO DONNELLLAN WEINGARTEN WISE & WIEDERKEHR, LLP
*ATTORNEYS FOR DEFENDANTS THE COUNTY OF ROCKLAND, THE ROCKLAND COUNTY DISTRICT ATTORNEY'S OFFICE, THE ROCKLAND COUNTY NARCOTIC TASK FORCE, AND "JOHN DOE"*

_____
Kevin J. Plunkett
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

TO:

FELLOWS, HYMOWITZ & EPSTEIN, P.C.
Darren J. Epstein, Esq.
*Attorneys for Plaintiff*
254 South Main Street – Suite 400
New City, New York 10956
(845) 634-3775

MIRANDA SOKOLOFF SAMBURSKY SLONE
VERVENIOTIS, LLP
Brian S. Sokoloff, Esq.
*Attorneys for Defendants*
*The Village of Spring Valley Police*
*Department and the Village of Spring Valley*
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676